UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL GRESHAM, #272603,

        Plaintiff,                           Hon. Paul L. Maloney

v.                                      Case No. 1:20-cv-310

MIKE WALCZAK, et al.,

        Defendants.
_____/

**REPORT AND RECOMMENDATION**

This matter is before the Court on Defendants' Motion to Dismiss. (ECF No. 32). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendants' motion be granted in part and denied in part.

**BACKGROUND**

On October 13, 2015, Plaintiff initiated a lawsuit against more than fifty MDOC employees and officials. *Gresham v. Washington*, 1:15-cv-1067 (W.D. Mich.). On January 6, 2016, the Honorable Janet T. Neff dismissed Plaintiff's claims. *Id.* at ECF No. 8-10. In light of Plaintiff's lengthy history of filing frivolous lawsuits, the Court also imposed on Plaintiff several restrictions on his ability to file future actions, including that he "is barred from filing any future complaint that raises claims arising out of more than a single transaction or event." *Id.* at ECF No. 8-10. Plaintiff was expressly warned that, should he violate this restriction, "his case will

-1-

be dismissed." *Id.* at ECF No. 10.   Alleging that Plaintiff initiated the present action in violation of Judge Neff's January 6, 2016, Order, Defendants move to dismiss the present action.

## ANALYSIS

In his complaint, Plaintiff alleges the following.   On March 5, 2020, Plaintiff was transferred to the Bellamy Creek Correctional Facility (IBC).   Upon arriving at IBC, Defendants Rubley, Ramirez, and Frost informed Plaintiff, in the presence of other inmates, that they had a "surprise" for him because he was a "snitch who likes to file grievances and lawsuits."   Plaintiff was later approached by his cellmate who threatened to assault Plaintiff because he was a snitch.   Plaintiff reported this incident to Defendants Rubley, Ramirez, and Frost and requested placement in protective custody.   Defendants denied Plaintiff's request and instead issued Plaintiff a misconduct ticket for refusing to return to his cell.

In response to this misconduct charge, Plaintiff requested that Defendant Stump provide him with "all relevant documents," as well as "a hearing investigation and witnesses."   Defendant Stump denied Plaintiff's request.   Defendant Novak, the Hearing Investigator, later informed Plaintiff that no investigation would be conducted unless Plaintiff stopped "filing lawsuits."   Defendant Jones, a psychologist who apparently treats Plaintiff, also informed Plaintiff that he "need[ed] to stop filing suits."   Jones also stated that he would not acknowledge that Plaintiff requested to be placed in protective custody.

Plaintiff also alleges that, on an unspecified date(s), he spoke with Defendants McCully, Walczak, Blackman, McBride, and Hadden and requested placement in protective custody.   Defendants responded that Plaintiff would not be placed in protective custody unless he stopped "filing lawsuits."   Finally, while Plaintiff has identified Unknown Brown as a defendant in this matter, his complaint contains no allegations against Brown.

Plaintiff alleges that Defendants Rubley, Ramirez, and Frost retaliated against him in violation of his First Amendment rights, and violated his Eighth Amendment rights by (1) calling him a snitch in the presence of other inmates, and (2) failing to place him in protective custody.   Plaintiff alleges that Defendants Novak and Stump violated his right to due process and retaliated against him in violation of his First Amendment rights.   Plaintiff alleges that Defendant Jones retaliated against him in violation of his First Amendment rights.   Plaintiff alleges that Defendants McCully, Walczak, Blackman, McBride, and Hadden retaliated against him in violation of his First Amendment rights, and violated his Eighth Amendment rights by denying his request for placement in protective custody.

If the question presented by Defendants' motion was resolved by reference to Federal Rule of Civil Procedure 20, Plaintiff would likely be on solid ground.   Rule 20 provides that "persons . . . may be joined in one action as defendants" if (a) any right to relief is asserted against them "arising out of the same transaction, occurrence, or series of transactions or occurrences," and (2) "any question of law or fact common to

all defendants will arise in the action."   The allegations in Plaintiff's complaint appear to satisfy this standard.

As Defendants' note, however, Judge Neff's Order is more restrictive that Rule 20.   As noted above, the Court ordered that Plaintiff may not file a complaint "that raises claims arising out of more than a *single* transaction or event."   Plaintiff's complaint runs afoul of this limitation.   The claims and allegations in Plaintiff's complaint concern multiple transactions or events: (1) the allegations that Defendants Rubley, Ramirez, and Frost violated Plaintiff's First and Eighth Amendment rights following his transfer to IBC; (2) the allegations that Defendants Novak and Stump failed to properly investigate Plaintiff's misconduct charge; (3) the allegation that Defendant Jones retaliated against Plaintiff; and (4) the allegations that Defendants McCully, Walczak, Blackman, McBride, and Hadden denied his request to be placed in protective custody.   Accordingly, the Court agrees that Plaintiff's complaint violates Judge Neff's January 6, 2016 Order.   The Court, however, disagrees that dismissal is the appropriate outcome.

The fundamental concern underlying Judge Neff's Order was Plaintiff's established habit of improperly joining parties and claims in a single action. Accordingly, the Court imposed a stringent, but certainly warranted, joinder limitation on Plaintiff.   While the Court also ordered that any complaint that violated this limitation "be dismissed," it did not specify whether any such dismissal would be with or without prejudice.   Defendants have identified no authority

-4-

permitting the undersigned to, in effect, modify the Order in question by inserting the words "with prejudice" therein.   Even if the undersigned could so modify this Order, it is not clear that such would be appropriate as claims dismissed on misjoinder grounds are dismissed without prejudice.   *See, e.g., Cage v. Michigan*, 2018 WL 3729062 at *1 (E.D. Mich., Aug. 6, 2018).   Thus, were the Court to dismiss this matter, Plaintiff would be permitted to simply initiate another action to assert any of the claims therein.

The Court has already determined that Plaintiff's complaint contains allegations that Plaintiff is under imminent danger of serious physical injury.   (ECF No. 5).   Moreover, while Plaintiff's complaint runs afoul of Judge Neff's Order, as noted above, such likely survives examination under Rule 20.   Thus, Plaintiff's transgression of this Order is not particularly egregious.   Considering the seriousness of Plaintiff's allegations satisfying the imminent danger standard, and the nature of Plaintiff's violation of the Court's previous Order, the Court declines to simply dismiss Plaintiff's action as such would unduly delay resolution of these particular claims or perhaps preclude their adjudication entirely.   Accordingly, the undersigned recommends that Plaintiff's claims all be dismissed for failure to comply with Judge Neff's January 6, 2016, Order, save Plaintiff's Eighth Amendment claims against Defendants Rubley, Ramirez, Frost, McCully, Walczak, Blackman, McBride, and Hadden.

## <u>CONCLUSION</u>

For the reasons articulated herein, the undersigned recommends that Defendants' Motion to Dismiss (ECF No. 32) be granted in part and denied in part. Specifically, the undersigned recommends that Plaintiff's claims all be dismissed for failure to comply with Judge Neff's January 6, 2016, Order, save for Plaintiff's Eighth Amendment claims against Defendants Rubley, Ramirez, Frost, McCully, Walczak, Blackman, McBride, and Hadden.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice.   28 U.S.C. § 636(b)(1)(C).   Failure to file objections within the specified time waives the right to appeal the District Court's order.   *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: November 30, 2020                    /s/ Phillip J. Green
                                           PHILLIP J. GREEN
                                           United States Magistrate Judge

-6-