UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL GRESHAM, #272603,

    Plaintiff,

v.

MIKE WALCZAK, et al.,

    Defendants.

_____/

Hon. Paul L. Maloney

Case No. 1:20-cv-310

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendants' Motion for Summary Judgment. (ECF No. 41). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendants' motion be granted and this action terminated.

## BACKGROUND

On October 13, 2015, Plaintiff initiated a lawsuit against more than fifty MDOC employees and officials. *Gresham v. Washington*, 1:15-cv-1067 (W.D. Mich.). On January 6, 2016, the Honorable Janet T. Neff dismissed Plaintiff's claims. *Id.* at ECF No. 8-10. In light of Plaintiff's lengthy history of filing frivolous lawsuits, the Court also imposed on Plaintiff several restrictions on his ability to file future actions, including that he "is barred from filing any future complaint that raises claims arising out of more than a single transaction or event." *Id.* at ECF No. 8-10. Plaintiff was expressly

-1-

warned that should he violate this restriction, "his case will be dismissed." *Id.* at ECF No. 10.

Plaintiff initiated the present action on April 9, 2020, against twelve MDOC employees and officials. In his complaint, Plaintiff alleges the following. On March 5, 2020, Plaintiff was transferred to the Bellamy Creek Correctional Facility (IBC). Upon arriving at IBC, Defendants Rubley, Ramirez, and Frost informed Plaintiff, in the presence of other inmates, that they had a "surprise" for him because he was a "snitch who likes to file grievances and lawsuits." Plaintiff was later approached by his cellmate who threatened to assault Plaintiff because he was a snitch. Plaintiff reported this incident to Defendants Rubley, Ramirez, and Frost and requested placement in protective custody. Defendants denied Plaintiff's request and instead issued Plaintiff a misconduct ticket for refusing to return to his cell.

In response to this misconduct charge, Plaintiff requested that Defendant Stump provide him with "all relevant documents," as well as "a hearing investigation and witnesses." Defendant Stump denied Plaintiff's request. Defendant Novak, the Hearing Investigator, later informed Plaintiff that no investigation would be conducted unless Plaintiff stopped "filing lawsuits." Defendant Jones, a psychologist who apparently treats Plaintiff, also informed Plaintiff that he "need[ed] to stop filing suits." Jones also stated that he would not acknowledge that Plaintiff requested to be placed in protective custody. On unspecified date(s), Plaintiff also spoke with Defendants McCully, Walczak, Blackman, McBride, and Hadden and requested placement in

protective custody. Defendants responded that Plaintiff would not be placed in protective custody unless he stopped "filing lawsuits."[1]

Plaintiff alleges that Defendants Rubley, Ramirez, and Frost: (1) retaliated against him in violation of his First Amendment rights, and (2) violated his Eighth Amendment rights by (a) calling him a snitch in the presence of other inmates and (b) failing to place him in protective custody. Plaintiff alleges that Defendants Novak and Stump violated his right to due process and retaliated against him in violation of his First Amendment rights. Plaintiff alleges that Defendant Jones retaliated against him in violation of his First Amendment rights. Plaintiff alleges that Defendants McCully, Walczak, Blackman, McBride, and Hadden (1) retaliated against him in violation of his First Amendment rights, and (2) violated his Eighth Amendment rights by denying his request for placement in protective custody.

Defendants subsequently moved to dismiss this action on the ground that it was initiated in violation of Judge Neff's January 6, 2016 Order. The undersigned recommended that Defendants' motion be granted in part and denied in part. (ECF No. 38). Specifically, the undersigned recommended that Plaintiff's claims all be dismissed for failure to comply with Judge Neff's January 6, 2016 Order, save Plaintiff's Eighth Amendment claims against Defendants Rubley, Ramirez, Frost, McCully, Walczak, Blackman, McBride, and Hadden. In the absence of objections, this

---

[1] Plaintiff also named Unknown Brown as a defendant, but asserted no allegations against this individual.

recommendation was adopted by the Honorable Paul L. Maloney. (ECF No. 39). These remaining defendants now move for summary judgment on the ground that Plaintiff failed to properly exhaust his remaining claims. Plaintiff has responded to the present motion.

## SUMMARY JUDGMENT STANDARD

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party moving for summary judgment can satisfy its burden by demonstrating "that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the moving party demonstrates that "there is an absence of evidence to support the nonmoving party's case," the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006).

While the Court must view the evidence in the light most favorable to the non-moving party, the party opposing the summary judgment motion "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The existence of a mere "scintilla of evidence" in support of the non-moving party's position is insufficient. *Daniels v. Woodide*, 396 F.3d 730, 734-35 (6th Cir. 2005). The non-moving party "may not rest upon [his] mere allegations," but must

instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006).

Moreover, the non-moving party cannot defeat a properly supported motion for summary judgment by "simply arguing that it relies solely or in part upon credibility determinations." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004). Rather, the non-moving party "must be able to point to some facts which may or will entitle him to judgment, or refute the proof of the moving party in some material portion, and. . .may not merely recite the incantation, 'Credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Id.* at 353-54. In sum, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735.

## ANALYSIS

Pursuant to 42 U.S.C. § 1997e(a), a prisoner asserting an action with respect to prison conditions under 42 U.S.C. § 1983 must first exhaust all available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516, 524 (2002). Prisoners are no longer required to demonstrate exhaustion in their complaints. *See Jones v. Bock*, 549 U.S. 199, 216 (2007). Instead, failure to exhaust administrative remedies is "an affirmative defense under the PLRA" which the defendant bears the burden of establishing. *Ibid.*

With respect to what constitutes proper exhaustion, the Supreme Court has stated that "the PLRA exhaustion requirement requires proper exhaustion" defined as "compliance with an agency's deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 90-93 (2006).  In *Bock*, the Court reiterated that

> Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.'  The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.

*Bock*, 549 U.S. at 218.

MDOC Policy Directive 03.02.130 articulates the applicable grievance procedures for prisoners in MDOC custody.  Prior to submitting a grievance, a prisoner must attempt to resolve the issue with staff, unless prevented by circumstances beyond his control, or the issue falls within the jurisdiction of Internal Affairs.  MDOC Policy Directive 03.02.130 ¶ Q (Mar. 18, 2019).  The prisoner must attempt to resolve the matter within two days of becoming aware that there exists a grievable issue.  (*Id.*).

If this attempt is unsuccessful (or such is inapplicable), the prisoner may submit a Step I grievance, but such must be submitted within five business days after attempting to resolve the matter with staff.  (*Id.* at ¶ W).  The issues asserted in a grievance "should be stated briefly but concisely" and the "[d]ates, times, places, and names of all those involved in the issue being grieved are to be included."  (*Id.* at ¶ S).

If the prisoner is dissatisfied with the Step I response, or does not receive a timely response, he may appeal to Step II within ten business days of the response, or if no response was received, within ten business days after the response was due. (*Id.* at ¶ DD). If the prisoner is dissatisfied with the Step II response, or does not receive a timely Step II response, he may appeal the matter to Step III. (*Id.* at ¶ HH).

Plaintiff's remaining claims are that: (1) Defendants Rubley, Ramirez, and Frost called him a snitch in the presence of other inmates, and (2) Defendants Rubley, Ramirez, Frost, McCully, Walczak, Blackman, McBride, and Hadden refused his requests to be placed in protective custody. In support of their motion, Defendants have submitted evidence demonstrating that between March 5, 2020, the date on which the events giving rise to this action first occurred, and April 9, 2020, the date on which Plaintiff initiated this action, Plaintiff did not pursue any grievance through Step III. (ECF No. 42, PageID.149-58).[2]

Plaintiff does not dispute that he failed to file a grievance regarding his remaining claims. With respect to his claims that Defendants Rubley, Ramirez, and Frost called him a snitch, Plaintiff presents no argument in opposition to Defendants' motion. As to

---

[2] The date of April 9, 2020, is relevant because Plaintiff is required to have completed the grievance process prior to initiating the present action. *See, e.g.,* **Error! Main Document Only.***Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999) ("we must dismiss plaintiff's complaint because he filed his federal complaint before allowing the administrative process to be completed"); *Brown v. Davis*, 2019 WL 4686422 at *1 (W.D. Mich., Sept. 26, 2019) (same).

these claims, therefore, the undersigned finds that Defendants have satisfied their burden that Plaintiff failed to exhaust his administrative remedies.

With respect to his claims that Defendants failed to place him in protective custody, Plaintiff argues that he was not required to exhaust these claims through the grievance process. On March 5, 2020, Plaintiff was charged with a Class II misconduct after refusing to return to his cell. Specifically, Plaintiff was charged with "Disobeying a Direct Order." (ECF No. 43, PageID.170). A misconduct hearing was conducted on March 16, 2020, regarding this charge. (*Id.*, PageID.169). At the hearing, Plaintiff argued that he refused the order to return to his cell because he instead wanted to be placed in protective custody. (*Id.*). The hearing officer found that Plaintiff disobeyed a direct order without justification and, therefore, found him guilty of the charge. (*Id.*).

MDOC policy provides that a prisoner cannot file a grievance challenging "a decision made in a Class II or Class III misconduct hearing." MDOC Policy Directive 03.02.130 ¶ J(11) (Mar. 18, 2019); *see also, Rush v. Newcomb*, 2019 WL 3755967 at *6 (W.D. Mich., May 24, 2019) (recognizing that "decisions made during misconduct hearings" cannot be addressed through the MDOC's grievance process). Plaintiff argues that because "the misconduct hearing was [about] whether Plaintiff Gresham was denied protective custody," this policy provision applies absolving him of the obligation to file a grievance.

Contrary to Plaintiff's assertion, however, the misconduct hearing concerned whether Plaintiff disobeyed a direct order. Plaintiff conceded that he failed to comply

Case 1:20-cv-00310-PLM-PJG   ECF No. 52, PageID.198   Filed 03/05/21   Page 9 of 10

with the order to return to his cell, but justified his actions on the ground that he had requested protective custody. (ECF No. 43, PageID.169). The hearing officer found Plaintiff guilty of the charge and in so doing found that Plaintiff failed to establish that he had even requested to be placed in protective custody or that compliance with the order to return to his cell would have placed him "in jeopardy." (*Id.*).

While Plaintiff's alleged request for protective custody was presented at the hearing, it was presented as a defense to the misconduct charge of disobeying a direct order. Plaintiff's claim in this action is that Defendants violated his Eighth Amendment rights by failing to place him in protective custody. The hearing officer neither addressed nor made any findings regarding this claim. Plaintiff has presented no evidence that he was prevented from filing a grievance regarding his claims that Defendants violated his rights by failing to place him in protective custody. Accordingly, the undersigned finds that Defendants have met their burden to show that Plaintiff failed to properly exhaust his administrative remedies as to these claims.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Defendants' Motion for Summary Judgment (ECF No. 41) be granted and this action terminated. For the same reasons underlying this recommendation, the undersigned finds that an appeal of such would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the undersigned further recommends that an appeal of this matter by Plaintiff would not be in good faith.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C).  Failure to file objections within the specified time waives the right to appeal the District Court's order.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

                                                   Respectfully submitted,

Date: March 5, 2021　　　　　　　　　/s/ Phillip J. Green
　　　　　　　　　　　　　　　　　　PHILLIP J. GREEN
　　　　　　　　　　　　　　　　　　United States Magistrate Judge