UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL GRESHAM, #272603, )
        Plaintiff, )
 )    No. 1:20-cv-310
-v- )
 )    HONORABLE PAUL L. MALONEY
MIKE WALCZAK, et al., )
        Defendants. )
 )

## ORDER

This is a prisoner civil rights action brought by state prisoner Michael Gresham pursuant to 42 U.S.C. § 1983. The matter is now before the Court on Gresham's objection to a Report and Recommendation ("R&R") issued by Magistrate Judge Philip J. Green (R&R ECF No. 52; Objection ECF No. 53). For the reasons to be stated, the Court will overrule the objection and adopt the R&R as the opinion of the Court.

### Legal Framework

With respect to a dispositive issue, a magistrate judge issues a report and recommendation, rather than an order. After being served with an R&R issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam) (holding that the district court need not provide de novo review where the objections are frivolous, conclusive,

or too general because the burden is on the parties to "pinpoint those portions of the magistrate's report that the district court must specifically consider"). Failure to file an objection results in a waiver of the issue and the issue cannot be appealed. *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *see also Thomas v. Arn*, 474 U.S. 140, 155 (1985) (upholding the Sixth Circuit's practice). The district court judge may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

## Analysis

Gresham's sole objection argues that Magistrate Judge Green erred by concluding that he failed to properly exhaust his Eighth Amendment claim. Gresham argues that he properly exhausted this claim. His objection reiterates the same argument presented to Magistrate Judge Green in response to Defendants' motion for summary judgment (*see* ECF No. 43), and he does not identify any specific errors in the R&R's analysis. On the Court's review of the R&R, Magistrate Judge Green properly disposed of this argument. Gresham could not have exhausted his Eighth Amendment claims in the misconduct appeal process because the hearing officer did not evaluate this claim. Gresham failed to file a grievance on the issue, so Defendants have met their burden to show that Gresham failed to exhaust the relevant administrative remedies. The Court finds no error in the R&R. Gresham's objection will be overruled and the R&R will be adopted as the opinion of the Court.

## Conclusion

For the reasons stated in this order,

**IT IS ORDERED** that the March 5, 2021 R&R (ECF No. 52) is **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's objection (ECF No. 53) is **OVERRULED**.

**IT IS FURTHER ORDERED** that Defendants' motion for summary judgment (ECF No. 41) is **GRANTED**.

Judgment to follow.

**IT IS SO ORDERED.**

**Date:** April 9, 2021                                            /s/ Paul L. Maloney
                                                                                Paul L. Maloney
                                                                                United States District Judge